UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHASE CALDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-CV-182 JD |
| | ) |
| PORTER STARKE SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

In this action, Plaintiff Chase Caldwell is suing a hospital and four doctors. Though his filings in this matter contain few factual allegations, Mr. Caldwell's allegations in other cases in this district suggest that this case relates to his involuntary psychiatric detention. In addition to his complaint, Mr. Caldwell has petitioned for leave to proceed *in forma pauperis* [DE 2], and has made several other filings. [DE 3–5]. While Mr. Caldwell meets the financial requirements to proceed without prepaying the filing fee, the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that it "fails to state a claim on which relief may be granted." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). When a complaint is confusing or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

Mr. Caldwell's complaint alleges that between February 18 and March 7, 2014, he was a patient at Porter Starke Services, and that four doctors violated his Fourteenth Amendment right to liberty and violated their duties of reasonable care under state law. He also asserts that the doctors violated his "patient practitioner relationship by sharing [his] diagnosis, treatment, and prognosis with one another." However, these allegations fail to state a claim for a number of reasons. First, as indicated above, Mr. Caldwell's complaint does not contain any factual allegations as to what each of the defendants did to violate his rights; it is not sufficient to allege in a conclusory manner that the defendants violated his constitutional rights. In addition, Mr. Caldwell filled out his complaint on a form for claims under 42 U.S.C. § 1983, which provides a cause of action for violations of federal rights by persons acting under color of state law. But there is no indication that any of the defendants were acting under color of state law, which precludes a claim under § 1983. Further, to the extent Mr. Caldwell attempts to raise a federal claim for a violation of his patient privacy rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), that claim is "not cognizable because HIPAA does not furnish a private right of action." *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011). Finally, Mr. Caldwell appears to assert a claim against the doctors for malpractice. To pursue that claim, though, Mr. Caldwell will need to follow the procedures set forth under Indiana state law. And because that claim is based only on state law and there is no other apparent basis for federal jurisdiction, Mr. Caldwell may need to pursue any such claim in state court instead.

For these reasons, the court:

(1)     STRIKES the complaint [DE 1] and the motion for leave to amend [DE 4];

(2)     TAKES the *in forma pauperis* petition [DE 2] under advisement;

(3) GRANTS the Plaintiff to and including June 29, 2015, to file an amended complaint; and

(4) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: June 8, 2015

                                        /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court